UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **MONICA JOHNSON** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 1:23-CV-456** |
| | § | |
| **TARGET CORPORATION** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Monica Johnson ("Plaintiff"), and files her Original Complaint complaining of Target Corporation ("Defendant"), and in support thereof, respectfully shows as follows:

**I. NATURE OF THE CASE**

1. Plaintiff was leaving the Defendant, Target store in Beaumont, Texas, when she tripped over the base of a sign on the sidewalk. This suit is against the property owner and operator of Target Corporation.

**II. PARTIES**

2. Plaintiff, Monica Johnson, is an individual residing in Jefferson County, Texas.

3. Defendant Target Corporation is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Therefore, Target Corporation is a citizen of Minnesota for purposes of diversity jurisdiction. Target Corporation is also believed to be owner, operator, manager, and/or lessee of the real property involved in this case that is located in Jefferson County, Texas. Target Corporation may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III. JURISDICTION

5.     This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over Defendant because this suit arises out of and relates to Defendant's activities within the State of Texas. Defendant engaged in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree such contacts render each of them "at home" in Texas. Thus, there is specific jurisdiction, and general jurisdiction does not offend traditional notions of fair play and substantial justice.

### IV. VENUE

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts, events, or omissions giving rise to this claim occurred in Jefferson County, Texas, which falls within the United States District Court for the Eastern District of Texas.

### V. FACTUAL BACKGROUND

9.     On or about November 1, 2022, at approximately 7:00 p.m., Plaintiff Monica Johnson ("Ms. Johnson" or "Plaintiff") was at the Target store located at 5850 Eastex Freeway, Beaumont, Texas 77708. After doing her shopping, Ms. Johnson exited the store and was walking toward her vehicle when she tripped over the base of a sign and fell hard to the ground. Ms. Johnson sustained serious injuries as a result of the fall, which required substantial treatment, including surgery.

10.    The incident was caused by one or more negligent acts and/or omissions on the part of the Defendant. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries. The fall and all damages and injuries resulting therefrom were not caused by or

contributed to by Plaintiff or a third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of the Defendant, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

### VII. **PREMISES LIABILITY – INVITEE**

11. Defendant Target Corporation owned, occupied, or controlled the premises located at 5850 Eastex Freeway in Beaumont, Texas at the time of the incident. Thus, Defendant owed Plaintiff a duty of care to keep the premises in safe condition.

12. Ms. Johnson visited the Target store as a business patron for the mutual benefit of her and Defendant with bagged purchases in hand when she tripped on the base of a sign and fell on the premises. Thus, Defendant owed Ms. Johnson a legal duty as an invitee.

13. Defendant's premises posed an unreasonable risk of harm. The dangerous condition was the base of a sign left near and immediately outside the automatic doors. The base of the sign was in a dangerous location, was not properly secured to the ground, and was missing the top portion of the sign. The sign posed an unreasonable risk of harm to business patrons entering and exiting the premises.

14. Defendant knew, or in the exercise of reasonable care should have known, of this dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Ms. Johnson. This duty includes the duty to inspect, the duty to warn, or the duty to cure the dangerous condition.

15. Defendant breached the duty of ordinary care by failing to cure or eliminate the dangerous condition and/or adequately warn of the dangerous condition. Defendant's breach of this duty proximately caused injury to Plaintiff, which resulted in severe personal injury.

## VIII. <u>NEGLIGENCE</u>

16. Defendant owed a duty to exercise ordinary care in training and supervising its employees to perform their job duties related to safety and dangerous conditions existing on the premises. Defendant breached this duty. Defendant failed to exercise ordinary care in adhering the signs, and/or failing to properly place, repair, properly secure, replace, or remove the sign from the ground. Defendant's breach of its duties placed the public at risk and proximately caused Plaintiff's injuries and damages.

## IX. <u>RESPONDEAT SUPERIOR</u>

17. At all relevant times, Defendant's managers and other workers present on the date of the incident were employees or under the control of Defendant and acting within the scope of such employment. Therefore, Defendant is liable for the negligent acts and omissions of its agents and employees based on *respondeat superior*.

## X. <u>DAMAGES</u>

18. As a result of the injuries sustained by Plaintiff, Plaintiff seeks to recover the following items of damage:

   a. Physical pain and suffering in the past;

   b. Physical pain and suffering that the Plaintiff will experience in the future;

   c. Mental anguish suffered in the past;

   d. Mental anguish the Plaintiff will experience in the future;

   e. Medical expenses incurred in the past;

   f. Medical expenses the Plaintiff will incur in the future;

   g. Physical impairment suffered in the past;

   h. Physical impairment the Plaintiff will suffer in the future;

    i. Loss of quality of life;

    j. Disfigurement.

19. By reason of the facts alleged herein, Plaintiff has suffered and sustained at the hands of the Defendant, damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

## XI. PREJUDGMENT AND POST JUDGMENT INTEREST

20. Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XII. COURT COSTS

21. Plaintiff sues to recover court costs as allowed by law.

## XIII. DEMAND FOR JURY TRIAL

22. Plaintiff demands a jury trial and has tendered the appropriate fee.

## XIV. PRAYER

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, Target Corporation, be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages, economic damages, pre-judgment, and post-judgment interest, and costs. Plaintiff further prays for such other and further relief, to which she may be justly entitled.

Respectfully submitted,

THE BERNSEN LAW FIRM

*/s/ Cade Bernsen*
David Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Marianne Laine
State Bar No. 24062834
mlaine@bernsenlaw.com

Jamie Matuska
State Bar No. 24051062
jmatuska@bernsenlaw.com
420 MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994
(409) 212-9411 facsimile

**ATTORNEYS FOR PLAINTIFF MONICA JOHNSON**